UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANNA MANNERS and
CHARLES WILLIAM MANNERS, JR.,

        v.                              3:06-cv-0888

UNITED STATES GOVERNMENT,
SECRETARY OF DEFENSE, AKA
SECRETARY OF WAR, DEPARTMENT
OF THE ARMY,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

       Plaintiffs commenced the instant action seeking to compel Defendants to return the remains of Charles William Manners, an individual who died while serving in the United States Army during World War II, to the United States for internment by his next of kin in a private ceremony.  Presently before the Court is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56.  Because Plaintiffs are proceeding *pro se* and the government has failed to serve Plaintiffs with a notice of the consequences of a motion for summary judgment, the Court will address the motion as one made pursuant to Rule 12 and not a motion for summary judgment under Rule 56.

**I.      FACTS**

Staff Sergeant Charles William Manners served in the United States Military during World War II.  It may reasonably be inferred from the Complaint that Staff Sergeant Manners was killed in action in the Philippines.  Pursuant to Public Law 80-380, the next of kin of fallen members of the military could choose whether to have the bodies interned in overseas military cemeteries or returned to the United States.  The Complaint alleges that Staff Sergeant Manners has been permanently interred in a cemetery in the Philippines, contrary to the wishes of his next of kin.

**II.     STANDARD OF REVIEW**

"[A] complaint must only include 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Fed. R. Civ. P. 8(a)).  "This simplified notice pleading relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  Id.  Thus, a complaint is sufficient if it gives the defendant fair notice of the plaintiff's claims, the grounds upon which they rest, and states claims upon which relief could be granted.  Id. at 514.

"A party endeavoring to defeat a lawsuit by a motion to dismiss for failure to state a claim faces a 'higher burden' than a party proceeding on a motion for summary judgment."  McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004).  Dismissal is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," Phillip v. Univ. of Rochester, 316 F.3d 291, 293 (2d Cir. 2003) (citation omitted), or where the complaint fails as a matter of law.  Phelps v. Kapnolas, 308 F.3d 180, 187 (2d Cir. 2002).

### III.     DISCUSSION

Pursuant to Public Laws 79-383 and 80-368, Congress authorized the Secretary of War to intern members of the United States Armed Forced who died in the service at a place designated by the next of kin, including national cemeteries.  These laws were repealed pursuant to Public Law 89-554 (Sept. 6, 1966).

As an initial matter, Plaintiff has failed to demonstrate that Congress intended for the internment laws to provide a private cause of action, see Hallwood Realty Partners, L.P. v. Gotham Partners, L.P., 286 F.3d 613, 619 (2d Cir. 2002), or that the United States has waived its sovereign immunity with respect to claims regarding the internment of members of the Armed Forces who were killed in action.  See generally 28 U.S.C. § 2401 *et seq.*  Even assuming any such private right of action and that the United States is subject to a lawsuit under these internment laws, any such claim must be dismissed as time-barred.

"[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."  28 U.S.C. § 2401(a); see Polanco v. U.S. Drug Enforcement Admin., 158 F.3d 647, 652-53 (2d Cir. 1998).  It has been approximately sixty years since Staff Sergeant Manners's death.  Plaintiffs knew, or reasonably should have known, that Defendants had not returned Staff Sergeant Manners to the United States long before the commencement of this action and certainly more than six years ago.  See Syms v. Olin Corp., 408 F.3d 95 (2d Cir. 2005) ("[C]laims accrue either at the time of injury or when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, the facts giving rise to the cause of action.").  While the Court understands, and sympathizes with, Plaintiffs' desires to bring

Staff Sergeant Manners back to the United States, it is compelled to conclude that the Complaint fails to state a claim upon which relief can be granted.

## IV.     CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED and the Clerk of the Court is directed to close the file in this matter.

IT IS SO ORDERED.

Dated: October 13, 2006

_____
Thomas J. McAvoy
Senior, U.S. District Judge